Matthew R. Mendelsohn (ID#: 015582005)
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone:  (973) 228-9898

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTHSTAR LITIGATION TECHNOLOGIES, LLC, individually and on behalf of all other individuals and companies similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CFN CAPITAL, LLC d/b/a CAPITAL FUNDS NETWORK; RONNIE KATZ; DANIEL KATZ; JOHN DOES 1-20; and ABC CORPS. 1-20,<br><br>Defendants. | CIV. AC. NO.<br><br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Northstar Litigation Technologies, LLC  ("Northstar"), brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CFN Capital, LLC d/b/a Capital Funds Network ("CFN"), Ronnie Katz, Daniel Katz, John Does 1-20 and ABC Corps. 1-20 (collectively, "Defendants"), by and through their attorneys, individually and on behalf of all others similarly situated, and allege as follows:

## I.  INTRODUCTION

1.     This case challenges Defendants' policy and practice of sending unsolicited facsimiles to fax machines throughout the United States, even when it knows or should know that it did not have the recipient's permission to receive advertising from Defendants and had no

procedures in place to retain recipient permission required by state and federal law.

2.      The Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005 ("TCPA"), 47 USC § 227(b)(1)(C),  prohibits a person or entity from sending or having an agent send unsolicited faxed advertisements, and 47 USC § 227(b)(3) permits a person or entity to bring an action to enjoin such violation, to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or both.

3.      N.J.S.A. 56:8-158(a) states that "a person within this State shall not use any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine within this State."

4.      Pursuant to N.J.S.A. 56:8-159(a), "any person aggrieved by a violation of this act may bring an action in the Superior Court in the county where the transmission was sent or was received, or in which the plaintiff resides, for damages or to enjoin further violations of this act."

5.      Pursuant to N.J.S.A. 56:8-159(b), "The court shall proceed in a summary manner and shall, in the event the plaintiff establishes a violation of this act, enter a judgment for the actual damages sustained, or $500 for each violation, whichever amount is greater, together with costs of suit and reasonable attorney's fees."

6.      Plaintiff brings this case, on behalf of itself and all others similarly situated, as a class action to redress Defendants' violations of the TCPA and the New Jersey Consumer Fraud Act.

## II.  THE PARTIES

7.      Plaintiff Northstar is a New Jersey limited liability corporation with its principle

2

place of business located in Roseland, New Jersey.

8.     Upon information and belief, Defendant, CFN is a Tennessee corporation with its principal place of business located in Memphis, Tennessee, and which markets its products and services on the internet to consumers in all jurisdictions in the United States, including New Jersey.

9.     Upon information and belief, Defendants Ronnie Katz and Daniel Katz are members of CFN and control the activities of CFN, including the decision to send junk faxes to Plaintiff and the putative class.

10.    Defendants John Does 1-10 and ABC Corps. 1-20 are currently unknown entities and/or individuals that may be responsible for the improper activities of National Funding, Inc. and therefore responsible for the damages sustained by Plaintiffs and the putative Class.

11.    At all times relevant herein, Defendants were engaged in the business of providing small business loans and credit processing services to consumers throughout all jurisdictions in the United States, including New Jersey.

### III.  JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the matter arises under federal law, specifically the TCPA, 47 USC § 227.

13.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants transact business in this district, are subject to personal jurisdiction in this district, and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

14.    This court has personal jurisdiction over Defendants because they have conducted substantial business in this judicial district and have advertised and marketed the sale of their products and services within the State of New Jersey.

## IV.  THE TELEPHONE CONSUMER PROTECTION
## ACT OF 1991, 47 U.S.C. § 227

15.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

16.     The TCPA makes it unlawful to transmit unsolicited facsimiles (hereinafter "Junk Faxes").

17.     The TCPA makes it unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement."  *See* 47 U.S.C. §§ 227(b)(1)(C).

18.     The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission" (i.e. Junk Faxes).  *See* 47 U.S.C. §§ 227(a)(4).

19.     Junk Faxes impose unwanted burdens on the contacted party, including the costs of paper and ink and making fax machines unavailable for legitimate business purposes.

20.      The TCPA provides a private cause of action to persons who receive Junk Faxes in violation of 47 U.S.C. § 227(b)(1)(C).  *See* 47 U.S.C. § 227(b)(3).

## V.  FACTUAL ALLEGATIONS

21.     Defendant CFN is a privately held company that offers a range of financial services and products to small businesses.  Upon information and belief, Defendants strategy for increasing the volume of its potential customers involves sending uninvited faxes to solicit business.

22.     Plaintiff Northstar received an unsolicited fax from Defendants on November 5, 2015. A copy of this Junk Fax is attached hereto as Exhibit "A".

23. Defendants are responsible for sending the above-described Junk Faxes.

24. The Junk Fax received by Plaintiff encouraged the reader to contact CFN via toll free phone number 866-767-4447 or through its website at www.cfncash.com. Upon information and belief, the telephone number and website are all owned, maintained, and operated by Defendants.

25. The Junk Fax received by Plaintiff is marketing material for Defendants, advertising the commercial availability of Defendants' goods and services, which include various cash and loan offers.

26. Plaintiff has no prior or existing business relationship with Defendants.

27. Plaintiff did not provide prior express consent to receive Junk Faxes from Defendants, did not voluntarily agree to make its facsimile number available for public distribution, and did not invite or give permission to Defendants to use their fax numbers..

28. Defendants sent the facsimile to Plaintiff and the other putative class members without obtaining their prior express invitation or permission.

29. There are no reasonable means for Plaintiff, or any other class member, to avoid receiving illegal junk faxes such as the ones at issue in this case. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## VI.  CLASS ACTION ALLEGATIONS

30. Plaintiff brings this case as a class action on behalf of a National Class, pursuant to FED. R. CIV. P. 23(a), 23(b)(2), and/or 23(b)(3), defined as follows:

> All persons or entities who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods or services by or on behalf of Defendants.

31. Plaintiff also brings this case as a class action on behalf of a New Jersey Class, pursuant to FED. R. CIV. P. 23(a), 23(b)(2), and/or 23(b)(3), defined as follows:

> All persons or entities in New Jersey who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods or services by or on behalf of Defendants.

32. Excluded from the National Class and New Jersey Class are Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' legal representative, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

33. This action has been brought and may be properly maintained as a class action pursuant to FED. R. CIV. P. 23(a) as Plaintiff and the Classes satisfy the numerosity, commonality, typicality, and adequacy requirements for maintaining a class action.

34. Numerosity. Upon information and belief, the number of members in the Class is so numerous as to render joinder impracticable. Plaintiff is informed and believe that the proposed Classes contain hundreds, and perhaps thousands, of members. Upon information and belief, the precise size (and identity and contact information) of the Classes can be readily determined from documents and records maintained by Defendants.

35. Joinder. Joinder of all of these individuals is impracticable because of the large number of Class members and the fact that Class members are likely dispersed over a large geographical area, with many members located outside of New Jersey.

36. Typicality. Plaintiff's claims are typical of the claims of the members of the Classes. Plaintiff, like all members of the Classes, received an unsolicited advertisement from Defendants by way of facsimile transmission. As a result, Plaintiff and all members of the Classes were injured due to Defendants' unlawful and improper conduct.

37. Commonality. Common questions of law and fact exist as to all members of the

Classes, in that they each received unsolicited advertisements via facsimile transmission, and were injured as a result of the same conduct by Defendants.  These common question of law and fact include, but are not limited to, the following:

    a.    Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf negligently violated 47 U.S.C. § 227(b)(I)(C) by sending Junk Faxes to Plaintiff and members of the National Class;

    b.    Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(C) by sending Junk Faxes to Plaintiff and members of the National Class, thus entitling Plaintiff and the National Class to treble damages;

    c.    Whether Defendants are liable for Junk Faxes promoting Defendants' products and/or services made by Defendants' affiliates, agents, and/or other persons or entities acting on Defendants' behalf;

    d.    Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf should be enjoined from violating the TCPA in the future; and

    e.    Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf are liable for violations of N.J.S.A. 56:8-158(a) for sending Junk Faxes to Plaintiff and the New Jersey Class.

    38.    <u>Adequacy</u>.  Plaintiff has the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the Classes.  Plaintiff has no interests that are adverse to, or in conflict with, the interests of the members of the Classes.

    39.    Plaintiff has retained counsel with substantial experience and success in class

action litigation.  In short, Plaintiff's counsel have the resources, expertise and experience to successfully prosecute this action against Defendants, and intend to prosecute this action vigorously.  Counsel for the Plaintiff knows of no conflicts among members of the Classes or between counsel and members of the Classes.

40.   <u>Predominance</u>. Common questions of law and fact exist as to all members of the Classes, and predominate over any questions that affect only individual members of the Classes. These common questions of law and fact include, without limitation, the common and predominant questions of whether the Plaintiff and the Classes have been injured as a result of the Defendants' conduct; whether Plaintiff and members of the Classes are entitled to damages and/or equitable relief and, if so, the measure and/or nature of this relief.

41.   <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy, since joinder of all of the individual members of the Classes is impracticable given the large number of Class members and the fact that they are dispersed over a large geographical area. Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them.  The cost to the court system of adjudicating thousands of individual cases would be enormous. Individualized litigation would also magnify the delay and expense to all parties and the court system.  By contrast, the maintenance of this action as a class action in this Court presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each member of the Class.

## VII. VIOLATIONS ALLEGED

### COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA

42. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

43. Plaintiff brings this cause of action on behalf of itself and on behalf of the members of the National Class against all Defendants.

44. The foregoing acts and omission of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violation of the TCPA, 47 U.S.C. § 227(b)(1)(c), by transmitting Junk Faxes to Plaintiff and the other members of the National Class without obtaining their consent and without having had an existing business relationship with them.

45. As a result of Defendants' and/or its affiliates, agents and/or other persons or entities acting on Defendants' behalf negligent violations of the TCPA, Plaintiff and members of the National Class are entitled to an award of $500 in statutory damages for each and every negligent facsimile in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff and members of the National Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(I)(C), by sending Junk Faxes in the future.

### COUNT II
### KNOWING OR WILLFUL VIOLATIONS OF THE TCPA

47. Plaintiff incorporates by reference each preceding and each succeeding

paragraph as though fully set forth herein.

48.    Plaintiff brings this cause of action on behalf of itself and on behalf of the members of the National Class against all Defendants.

49.    The foregoing acts and omission of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violation of the TCPA, 47 U.S.C. § 227(b)(1)(c), by transmitting Junk Faxes to Plaintiff and the other members of the National Class without obtaining their consent and without having had an existing business relationship with them.

50.    As a result of Defendants' and/or its affiliates, agents and/or other persons or entities acting on Defendants' behalf knowing and/or willful violations of the TCPA, Plaintiff and members of the National Class are entitled to an award of $1,500 in statutory damages for each and every knowing and/or willful facsimile in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

51.    Plaintiff and members of the National Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(I)(C), by sending Junk Faxes in the future.

## COUNT III

### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT ("NJCFA")

52.    Plaintiff incorporates by reference each preceding and each succeeding paragraph as though fully set forth herein.

53.    Plaintiff brings this cause of action on behalf of itself and on behalf of the members of the New Jersey Class against all Defendants.

54. The NJCFA was enacted to protect citizens from deceptive, fraudulent, and misleading commercial practices and makes such practices unlawful.

55. The aforementioned unlawful practices by Defendants constitute a violation of N.J.S.A. § 56:8-158 because Defendants used a telephone facsimile machine to send unsolicited advertisements to a telephone facsimile machine within the State of New Jersey.

56. Pursuant to N.J.S.A. § 56:8-159, any person aggrieved by a violation of this act may bring an action in the Superior Court for damages, either the actual damages sustained or $500 for each violation, whichever is greater, or to enjoin further violations of this act, together with costs of suit and reasonable attorney's fees.

57. As a result of Defendants' conduct, Plaintiff and New Jersey Class members have suffered a loss in accordance with the aforementioned statute.

58. As a result of Defendants' conduct, Plaintiff and New Jersey Class members have suffered an ascertainable loss in the form of direct monetary losses related to paper, toner, and other materials Plaintiff and New Jersey Class members were forced to incur as a result of Defendants' unsolicited advertisements. Defendants' actions also cost Plaintiff and New Jersey Class members' time, as their time was wasted receiving, reviewing and routing Defendants' illegal faxes. Finally, the Junk Faxes sent to Plaintiff and the New Jersey Class violated their right to privacy.

59. A causal relationship exists between Defendants' unlawful, conduct and Plaintiff's and the putative Classes' injuries. Had Defendants' not engaged in the aforementioned illegal conduct, Plaintiff and the New Jersey Class would not have incurred the injuries and costs associated with the receipt of unsolicited facsimile advertisements.

60. Notice of this lawsuit is being provided to the New Jersey Attorney General as

required by N.J. STAT. ANN. § 56:8-20.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and members of the Class, respectfully requests that this Court:

A.       Determine that the claims alleged herein may be maintained as a class action under FED. R. CIV. P. 23(a), 23(b)(2), and/or 23(b)(3), and issue an order certifying the Classes as defined above;

B.       Appoint Plaintiff as the representative of the Classes and their counsel as Class Counsel;

C.       Award all actual, general, special, incidental, statutory, punitive, treble, and consequential damages to which Plaintiff and the Class members are entitled;

D.       Award pre-judgment and post-judgment interest on such monetary relief;

E.       An order enjoining Defendants from engaging in the unlawful conduct set forth herein; F.       A declaration that Defendants actions complained of herein violated the TCPA and the NJCFA.

F.       Award reasonable attorneys' fees and costs; and

G.       Grant such further relief that this Court deems appropriate.

## IX.  JURY DEMAND

Plaintiff, on behalf of itself and the putative Class, demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 25th day of November, 2015.

MAZIE SLATER KATZ & FREEMAN, LLC

By: */s/ Matthew R. Mendelsohn*
    Matthew R. Mendelsohn (ID#: 015582005)
    Email:  mmendelsohn@mskf.net
    103 Eisenhower Parkway
    Roseland, New Jersey 07068
    Telephone:  (973) 228-9898

    *Attorneys for Plaintiffs*